UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JAMES WILSON,** | : | Civil Action No. 09-5475 (AET) |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **M E M O R A N D U M** |
| | : | **O P I N I O N** |
| **INTERNATIONAL FLAVORS &** | : | |
| **FRAGRANCES, INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**ARPERT, U.S.M.J.**

This matter comes before the Court on Plaintiff James Wilson's ("Plaintiff" or "Mr. Wilson") Motion to Compel Defendant International Flavors & Fragrances, Inc. (IFF) to provide more specific discovery responses [dkt. entry no. 9]. IFF filed opposition and Plaintiff filed a reply. The Court has fully reviewed the parties' written submissions and considered the Motion pursuant to FED. R. CIV. P. 78. For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

**I.      BACKGROUND**

Plaintiff alleges that IFF wrongfully terminated his employment based on his age. Plaintiff intends to prove age discrimination through circumstantial evidence, specifically by showing that "IFF engaged in a pattern and practice of terminating its long time older workers and replacing them with younger workers within a reasonably close proximity to the time Mr. Wilson was fired on March 20, 2009." (Pl.'s Br. at 1.) In response, IFF contends Plaintiff was terminated for poor performance and points out that the company also terminated a younger employee based on the same incident that resulted in Plaintiff's termination.

The instant Motion arises out of the parties' dispute regarding the scope of permissible discovery and, specifically, whether Plaintiff is entitled to:

(1) discover documents and information related to each and every instance since January 1, 2000 where IFF received a written communication or complaint alleging age discrimination (Plaintiff's Document Demand Nos. 16-18 and Plaintiff's Interrogatory No. 5);

(2) discover the age composition of IFF's work force for a reasonable period of time both before and after Plaintiff's termination on March 20, 2009, i.e. for years 2005-2010 (Plaintiff's Document Demand Nos. 26, 30-58, & 93 and Interrogatory Nos. 3-4 & 12-25);

(3) discover the names, dates of birth/ages, dates of hire, dates of termination, job titles, and reasons for termination of persons who were terminated (with or without cause) covering a reasonable period of time both before and after Plaintiff's termination on March 20, 2009, i.e. for years 2005-2010 (Plaintiff's Document Demand Nos. 26, 30-58, & 93 and Interrogatory Nos. 3-4 & 12-25); and

(4) discover the names, dates of birth/ages, dates of hire, dates of termination, job titles, reasons for termination (if applicable), of persons who were hired covering a reasonable period of time both before and after Plaintiff's termination on March 20, 2009, i.e. for years 2005-2010 (Plaintiff's Document Demand Nos. 26 & 59-74 and Interrogatory Nos. 3-4 & 12-25).

The legal basis for Plaintiff's argument is that pursuant to Federal Rule of Civil Procedure 26(b)(1), he is entitled to any non-privileged information that is relevant to any party's claim or defense. Plaintiff argues that "[i]n one of this State's leading cases on discovery in a discrimination case, the New Jersey Supreme Court made clear that the New Jersey discovery rules are to be construed liberally in favor of broad pretrial discovery." *Id*. at 11 (citing *Payton v. New Jersey Turnpike Authority*, 148 N.J. 524, 535 (1997)).

Plaintiff argues that he is entitled to documents and information related to prior written communications or complaints alleging age discrimination since January 1, 2000 because "one aspect of [P]laintiff's claim is to show [D]efendant's ageist state of mind . . . [which] can be

circumstantially proven through evidence of past conduct or prior incidents, i.e. other discriminatory acts of [D]efendant IFF which were based on age." *Id*. at 12.  Plaintiff emphasizes that "[t]he Third Circuit in *Glass v. Philadelphia Electric Co*., 34 F. 3d 188 (3d Cir. 1994) reversed the district court's decision that prevented the plaintiff from introducing evidence of prior discriminatory acts against the defendant that occurred outside the statutory limitations period." *Id*. at 13 (citing 34 F. 3d at 195).

Next, Plaintiff argues that he is entitled to discovery regarding age composition because such "statistical evidence requested by [P]laintiff is relevant to his claim of age discrimination as it may tend to prove or disprove [P]laintiff's claim th[at] IFF engaged in a pattern and practice of age discrimination." *Id*. at 14.  Plaintiff further argues that "[i]n *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Supreme Court expressly noted the relevance of statistical data to prove that the employer's stated reason for the termination of plaintiff's employment was in fact a pretext." *Id*. at 15.

Plaintiff also argues that he is entitled to information regarding persons terminated and hired at IFF's Hazlet, New Jersey facility during the period 2005-2010 to prove that "IFF engaged in a pattern and practice of age discrimination when it began to terminate its older employees and hire much younger employees." *Id*. at 17.  Plaintiff asserts that "[t]he Supreme Court explicitly states that there is no *per se* rule excluding evidence and that 'whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is in fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.'" *Id*. at 19 (quoting *Sprint/Unlimited Management Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008)).  Plaintiff contends that the requested information

regarding persons terminated and hired by the company is relevant because "the statistical evidence sought may tend to show a pattern and practice of terminating older workers." *Id*. at 20-21.  Plaintiff further contends that the *Garvey* court held that such statistical evidence is admissible under Federal Rule of Evidence 406.  *Id*. at 21 (citing *Garvey v. Dickinson College*, 763 F. Supp. 799, 802 (M.D. Pa. 1991)) ("in a gender-based discrimination case, evidence about the employer's hiring and review practices is relevant, as is statistical evidence about the ratio of men to women fired, retained or promoted by the employer, to show that the employer follows a practice of discriminating against women").

Lastly, Plaintiff maintains that he is entitled to attorneys' fees based on Defendant's unjustified refusal to produce any of the requested documents despite having been provided with legal authority supporting Plaintiff's discovery requests.  *Id*. at 22.  Plaintiff further asserts that regardless of his willingness to limit the scope of his request to IFF's Hazlet, New Jersey facility and enter into a confidentiality agreement, IFF still refuses to provide certain discovery to which Plaintiff is entitled.  *Id*. at 23.

In opposition, IFF argues that Plaintiff is abusing the discovery process with voluminous document demands "related to both [IFF's] global workforce, and specific employees that have nothing to do with him, his employment with IFF, or his termination." (IFF's Opp'n Br. at 1.) IFF asserts that the four categories of documents identified in Plaintiff's Motion are more accurately described as:

(1) Other complaints of age discrimination made by IFF employees worldwide from January 1, 2000 to the present;

(2) Information and documents related to IFF's global workforce between 2005 and January 2010, and all employees IFF hired or fired globally since January 1, 2007;

(3) Information and documents related to current and former IFF employees that have no relation to Plaintiff, his employment, or his termination; and

(4) Other, miscellaneous documents.

*Id*. at 11-12.  IFF further asserts that the liberal interpretation of the discovery rules is not without limits and relies upon the following holding authored by Judge Jerome B. Simandle, U.S.D.J. in an age discrimination case: "Despite the generally held view that liberal discovery should be permitted in actions alleging unlawful discrimination, the scope of discovery is not without limits.  The responses sought must comport with the traditional notions of relevancy and must not impose an undue burden on the responding party." *Id*. at 12 (quoting *Robbins v. Camden Bd. of Educ.*, 105 F.R.D. 49, 55 (D.N.J. 1985)) (citations omitted).

IFF argues that Plaintiff's requests for information and documents related to other complaints of age discrimination over the past ten years are improper because they were not limited to IFF's Hazlet, New Jersey facility.  *Id*.  IFF asserts that "[c]ourts in the Third Circuit limit overbroad and burdensome discovery demands in employment discrimination cases, both temporally and geographically."  *Id*. at 13 (citations omitted).  IFF maintains that "[p]ursuant to this case law, IFF limited its response to [P]laintiff's interrogatory seeking other complaints of age discrimination to two years prior to his termination" and because there were no such complaints, Plaintiff insists that the originally propounded interrogatory be answered.  *Id*. at 13-14.  IFF also maintains that Plaintiff never agreed to limit the scope of his document request to the Hazlet facility nor does he cite any case law to support his position that he is entitled to discovery over a 10-year period.  *Id*. at 14-15.  Therefore, IFF believes that Plaintiff's requests are unduly burdensome based upon "the amount of time, money and resources that would be

5

expended in searching for responsive information and documents [because] IFF maintains facilities in approximately 30 countries and, as of October 2009, employed more than 5,300 people." *Id*. at 15.

IFF argues that Plaintiff's requests for information pertaining to the age composition of IFF's work force as well as persons terminated and hired by IFF are improper because there are no geographical limitations to these requests. IFF again emphasizes that "[t]he case law is clear that discovery in employment discrimination cases should be tailored to the facility where the plaintiff worked." *Id*. at 17 (citations omitted). IFF asserts that "Plaintiff makes no attempt to demonstrate the relevancy of hiring or firing decisions made in IFF facilities in Georgia, Texas or Moscow . . . [and] [i]nstead, his brief now reverses course and claims that the alleged 'pattern and practice' of age discrimination exists only at the Hazlet facility" yet, the requests in the instant Motion are not limited to the Hazlet facility. *Id*. at 18.

Further, IFF argues that Plaintiff is not entitled to confidential personal information related to other IFF employees who are not parties to the instant lawsuit because such information is irrelevant and burdensome. *Id*. at 18. IFF contends that Plaintiff "was terminated for cause; specifically, a safety violation [and, therefore,] [i]nformation and documents related to IFF employees terminated by other managers, at other times, for other reasons, such as a reduction in force, are not probative of [P]laintiff's claims." *Id*. at 20. IFF further contends that Plaintiff's "requests are a fishing expedition, pure and simple [and] Plaintiff's [M]otion to compel information and documents related to other IFF employees should be denied." *Id*. IFF explains that it provided Plaintiff with "documents related to employees discharged for safety violations, just like [P]laintiff, including the employee (Nick Greene) terminated as a result of the

very same incident that resulted in [P]laintiff's termination." *Id*. at 21.  Finally, IFF contends that "even if the Court were to grant [P]laintiff's [M]otion to compel certain documents and information related to current and former IFF employees, it should not order the Company to produce severance or release agreements that may exist" because compelling disclosure of such will discourage amiable resolution of disputes with its employees.  *Id*. at 22-24.

IFF asserts that Plaintiff's Motion to compel the disclosure of miscellaneous documents sought in Document Request Nos. 75-81 should be denied because it has adequately responded to Request No. 75 without objection and has objected to Request Nos. 76-81 because it cannot decipher precisely what documents are being sought.  *Id*. at 24-25.  Lastly, IFF argues that Plaintiff's request for attorneys' fees should be denied because the instant Motion seeks irrelevant information as well as documents that have either already been provided or that IFF is willing to produce pursuant to a discovery confidentiality order.  *Id*. at 26-27.

Notably, in reply, Plaintiff argues that it has made clear that his requests are limited to IFF's Hazlet, New Jersey facility rather than the "global"scope of discovery that IFF claims he has sought.  (Pl.'s Reply Br. at 1.)  Plaintiff also recognizes that IFF has adequately responded to his Document Request No. 75 and, accordingly, withdraws that aspect of his application.  *Id*. at 8.

## II.   DISCUSSION

Plaintiff seeks to compel more specific discovery responses in four categories.  IFF opposes the request for production of all of the information and documents sought.  Pursuant to Rule 26(b)(1), Plaintiff's Motion to compel is granted in part and denied in part.

7

A.      **Federal Rule of Civil Procedure 26(b)(1)**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[f]or good cause, the [C]ourt may order discovery of any matter relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1).  Further, Rule 26(b)(2) provides:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

In scope, "[i]nterrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence." FED. R. CIV. P. 33(c).

B.      **Relevance of Requested Discovery**

Plaintiff states that the documents and information related to every written communication or complaint alleging age discrimination since January 1, 2000 (Plaintiff's Document Demand Nos. 16-18 and Plaintiff's Interrogatory No. 5) are relevant because they will establish IFF's ageist state of mind, thereby proving IFF's discriminatory intent.  (Pl.'s Br. at 12.) IFF argues that these requests should be denied because there are no temporal or geographical limitations.  (IFF's Opp'n Br. at 13.)  In this case, prior complaints alleging age discrimination are relevant to Plaintiff's claim.  Both Plaintiff and IFF concede that limiting the scope of these

requests to IFF's Hazlet, New Jersey facility is appropriate.

IFF has already responded to Plaintiff's request for other complaints of age discrimination for two years prior to his termination. The more difficult issue is determining whether Plaintiff should be permitted to obtain such information as far back as nine years preceding his termination. "Courts have commonly extended the scope of discovery to a reasonable number of years prior to the defendant's alleged illegal action." *Robbins v. Camden Bd. of Educ.*, 105 F.R.D. 49, 63 (D.N.J. 1985); *see McClain v. Mack Trucks, Inc., supra,* 85 F.R.D. at 63 (5 years prior to termination) citing *James v. Newspaper Agency Corp.,* 591 F.2d 579 (10th Cir. 1979) (4 years), *Cormier v. PPG Industries,* 452 F. Supp. 594 (W.D. La. 1978) (5 years), *Brown v. Ford Motor Co.,* 19 EPD para. 8969 (N.D. Ga. 1978) (4 years). The Third Circuit placed temporal limitations of two years on discovery demands in an employment discrimination case finding that "[t]he fact that the defendant may have downsized in the six years prior to plaintiff's dismissal does not mean that all decisions to terminate in those years are relevant to plaintiff's termination." *Finch v. Herules, Inc.*, 149 F.R.D. 60, 64 (D. Del. 1993). The *Finch* Court specifically held that,

> [i]f plaintiff can show a trend of age discrimination in the two years prior to his own dismissal, a similar showing for the four previous years will not add to the evidence. On the other hand, if plaintiff can only show a pattern of discrimination between 1985 and 1989, but not 1989 to 1991, any weak inference that plaintiff was discriminated against in 1991 does not warrant subjecting defendant to the necessity of searching its records for the period 1985 to 1989.

*Id*. at 65. "The major consideration of a court is to balance the clear relevance of the information against the burden on defendant." *Robbins*, 105 F.R.D. at 63; s*ee e.g., General Insurance Co. v. E.E.O.C.,* 491 F.2d 133 (9th Cir. 1974) (8 years prior to action held excessive). On the facts of

this case, the Court concludes that providing five years of information (limited to IFF's Hazlet, New Jersey facility) prior to Plaintiff's termination will provide a sufficient scope of information to discover any discriminatory practices, without creating an undue burden upon IFF.  Therefore, the disputed discovery requests will be limited from 2004 forward.

Plaintiff also argues that the age composition of IFF's work force before and after Plaintiff's termination on March 20, 2009 (Plaintiff's Document Demand Nos. 26, 30-58 & 93 and Interrogatory Nos. 3-4 & 12-25) is relevant.  IFF claims that without any geographical limitation these requests are unduly burdensome.  Since their relevance is not contested and Plaintiff has agreed to limit them to IFF's Hazlet, New Jersey facility, the Court finds these demands are appropriate as modified.

Next, Plaintiff argues that information pertaining to all hiring and firing by IFF before and after Plaintiff's termination on March 20, 2009 (Plaintiff's Document Demand Nos. 26 & 59-74 and Interrogatory Nos. 3-4 & 12-25) is relevant.  IFF argues that information related to hiring and firing at all of IFF's facilities is irrelevant because  Plaintiff worked at only IFF's Hazlet, New Jersey facility and was terminated for a safety violation.  IFF further argues that Plaintiff is only entitled to information about terminations based on safety violations.  Lastly, IFF argues that if the Court grants the request to compel production of documents and information responsive to these demands, it should not include any severance or release agreements that may exist.  Once again, the Court notes that the geographical scope of these discovery demands is limited to IFF's Hazlet, New Jersey facility.  The Court rejects IFF's attempt to limit its responses to terminations for safety violations because Plaintiff alleges a widespread pattern of terminating older employees and replacing them with younger employees.  Therefore, the Court

finds that the discovery demands related to all hirings and firings by IFF at its Hazlet, New Jersey facility during the years 2005-2010 are relevant to the Plaintiff's age discrimination claim.

The Court further finds that any release and/or severance agreement entered into by IFF and certain former IFF employees may be appropriate for production if such agreement followed a complaint of age discrimination.  *See Llerena v. J.. Hanauer & Co.*, 368 N.J. Super 256, 259 (Law Div. 2002) (holding that plaintiff employee was entitled to discovery of the terms of a confidential settlement agreement entered into between the defendant employer and its former employee who had previously brought a discrimination claim against the same defendant employer as plaintiff).  Therefore, the Court will, pursuant to a confidentiality order, compel IFF to produce any release and/or severance agreement entered into by IFF and any former IFF employees to the extent that the employees entered such an agreement following a complaint of age discrimination.

### C.  Miscellaneous Documents

Plaintiff also argues that his Document Demand Nos. 76-81 are relevant as they relate to the knowledge that certain persons had concerning Plaintiff's termination as well as IFF personnel and drum handling/reporting policies.  (Pl.'s Reply Br. at 9.)  IFF has objected to these requests due to their vague wording and argues that Plaintiff cannot seek an order compelling IFF to respond to these demands because he has not adequately tried to reframe them.  (IFF's Opp'n Br. at 25.)  The Court has reviewed these requests and concludes that they are specific enough in nature to enable IFF to formulate some response, and directs IFF to respond accordingly.

### D.  Attorneys' Fees

The Court concludes that an in-depth discussion regarding Plaintiff's request for

attorneys' fees is unwarranted. The Court is disappointed that despite Plaintiff having provided IFF with notice of the alleged deficiencies in its discovery responses and legal authority to support his requests, and an offer to limit the geographic scope of the requests, the parties could not resolve these issues or at least narrow them in some more coherent fashion before presenting them to the Court. The Court notes that while it is granting Plaintiff's Motion, in part, it has placed limitations on the materials to be produced and recognizes that certain documents and information has already been produced by IFF. Accordingly, the Court denies Plaintiff's request for attorneys' fees.

### III.     CONCLUSION

For the reasons expressed herein, the Court finds that Plaintiff's Motion to Compel IFF to provide more specific discovery responses [dkt. entry no. 9] is granted in part and denied in part as follows: (1) Plaintiff's Document Demand Nos. 16-18 and Interrogatory No. 5 shall be limited to IFF's Hazlet, New Jersey facility, during the period of 2004-2010, and responded to by IFF in accordance with said limitations; (2) Plaintiff's Document Demand Nos. 26, 30-74, & 93 and Interrogatory Nos. 3-4 & 12-25, shall be limited to IFF's Hazlet, New Jersey facility, and responded to by IFF in accordance with said limitation; (3) Defendant need not respond further to Document Demand No. 75, as Plaintiff has withdrawn its request to compel a response to that demand; and (4) Plaintiff's Document Demand Nos. 76-81 shall be responded to as they currently read. Finally, Plaintiff's application for attorneys' fees is denied. An appropriate order accompanies this Memorandum Opinion.

Dated: May 3, 2010.

s/ *Douglas E. Arpert*
DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE
